**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| : | Case No: CR-1-02-004-1 |
| vs. : | |
| : | S. Arthur Spiegel, Senior Judge |
| ROGER K. BERRY, : | |
| : | |
| Defendant. : | |

**PLAINTIFF UNITED STATES OF AMERICA'S
MOTION FOR ORDER TO APPLY MONIES HELD
BY THE FEDERAL BUREAU OF INVESTIGATION
TO PAYMENT OF RESTITUTIONJUDGMENT**

Now comes the United States of America, by and through counsel, and moves this Court for an Order requiring the Federal Bureau of Investigation to turn over to the United States Clerk of Courts all monies it has in its possession, seized from Defendant Roger K. Berry to apply to said Defendant's restitution obligation. The grounds for said motion are more fully set forth in the accompanying Memorandum in Support.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

s/Deborah F. Sanders
DEBORAH F. SANDERS (0043575)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5240
Deborah.Sanders @usdoj.gov

**MEMORANDUM IN SUPPORT**

I. **FACTS**

On February 7, 2002, Defendant Roger K. Berry ("Defendant") pled guilty to one count of bank robbery. (Doc. 24). On May 23, 2002, Defendant was sentenced to seventy (70) months in prison and ordered to pay a special assessment in the amount of $100.00 and restitution in the amount of $80,740.00. (Doc. 35). To date, Defendant has made payments totaling $1,686.84, of which $100.00 was applied to his special assessment and $1,586.84 toward the restitution obligation imposed upon him as a result of the criminal conduct for which he was convicted. (Declaration of Betti Vance, attached as Exhibit A).

Counsel for Plaintiff has been informed that the Federal Bureau of Investigation ("FBI") is in possession of Seven Hundred Forty-eight and 42/100 Dollars ($748.42) in cash belonging to Defendant. (See letter from Federal Bureau of Investigation, attached as Exhibit B). Plaintiff seeks an Order requiring the FBI to turnover the funds in its possession owned by Defendant for purposes of partially satisfying Defendant's restitution obligation.

II. **LAW AND ARGUMENT**

Pursuant to 18 U.S.C. § 3613(a), the United States is permitted to enforce a criminal judgment using the practices and procedures for enforcement of civil judgments under Federal or state law. The financial litigation unit of the United States Attorneys' Office ("USAO") is responsible for collecting criminal penalty assessments, restitution, and fines. 18 U.S.C. § 3612(c)(1)-(3). Therefore, the USAO has the full responsibility for collecting the $100.00 assessment and $80,740,000 restitution obligation imposed against Defendant.

Once the Court enters judgment in a criminal case, a lien arises in favor of the United States against all of a defendant's real and personal property. 18 U.S.C. § 3613(c). Hence, a lien arose against Defendant's property on May 23, 2002, in the amount of $80,840.00.

The Government lawfully seized monies in which Defendant has an interest. Any property, lawfully seized by the government, "is subject to any continuing interest the government has in the property." *United States v. Francis*, 646 F.2d 251, 263 (6th Cir.), *cert. denied*, 454 U.S. 1082, (1981); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990); s*ee also United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (restitution order created legitimate government interest to defeat defendant's request for return of lawfully seized cash). The government's interest must also be legitimate. *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982). Therefore, the government's legitimate interest in the property takes precedence over the defendant's ownership interest in the property seized.

The government must establish a legitimate interest by weighing the government's "competing equities" against those of the defendant. *Duncan,* 918 F.2d 647 at 654. In *Duncan*, the Defendant filed a motion to recover cash seized from him during his arrest for possession and intent to distribute. *Duncan,* 918 F.2d 647 at 648. In making the determination to return the cash seized to the defendant, the court required that a legitimate government interest outweigh the defendant's ownership interest. *Id*. Also, the court noted that the government's legitimate interest was "insuring that the monetary penalties imposed as part of the sentence were paid." *Id*. After balancing the competing equities, the *Duncan* court decided the government's interest prevailed, and ordered the cash applied "toward the special assessment," instead of returning it. *Duncan,* 918 F.2d 647 at 648. Therefore, the government's interest in applying lawfully seized cash to an outstanding assessment

judgment is a legitimate interest.  Here, the government has the same legitimate interest as it had in *Duncan*–receipt of payment for the special assessment and restitution obligations imposed against the defendant for bank robbery.

Applying seized cash to a defendant's obligation actually works to benefit a defendant, rather than to deprive him of property.  *Duncan*, 918 F.2d at 654; *see also Lavin*, 299 F.3d at 127 (the court applied "the money confiscated by the Government as the fruits of Lavin's illegal scheme, and upon which the Government had acquired a lien, to help satisfy Lavin's obligation of restitution").

Because the United States Government has a right to collect criminal judgments, and has a valid lien against all Defendant's real and personal property, any money being held by a government agency in which Defendant has a substantial interest is subject to the government's continuing interest in the satisfaction of that judgment.

Based upon the foregoing, the Government respectfully requests that this Court issue an Order requiring the FBI to turn over to the United States of America any and all of the funds currently in its possession belonging to Defendant Roger K. Berry to be applied to the restitution obligation imposed against Defendant, made payable to the United States District Court Clerk, and mailed to The United States District Court Clerk, Potter Stewart Building, Cincinnati, Ohio.

    Respectfully submitted,

    GREGORY G. LOCKHART
    United States Attorney

    s/Deborah F. Sanders
    DEBORAH F. SANDERS (0043575)
    Assistant United States Attorney
    Attorney for Plaintiff
    303 Marconi Boulevard, Suite 200
    Columbus, Ohio 43215
    (614) 469-5715
    Fax: (614) 469-5240
    Deborah.Sanders @usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion was filed with the Clerk of Court using the CM/ECF system and served electronically on  W. Kelly Johnson, Esq., Public Defender, attorney for Defendant, this <u>28th</u> day of <u>January</u> , 2005, electronically,

s/Deborah F. Sanders
DEBORAH F. SANDERS (0043575)
Assistant United States Attorney
