UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : NO. 1:02-CR-00004(1) |
| | : |
| | : **ORDER** |
| v. | : |
| | : |
| | : |
| ROGER K. BERRY | : |
| | : |
| Defendant. | : |
| | : |

       This matter is before the Court on the United States' Motion for Order to Apply Monies Held by the Federal Bureau of Investigation to Payment of Restitution Judgment (doc. 41). The Court notes that Defendant, Roger K. Berry (hereinafter "Berry"), has not opposed to the United States' Motion.

       On February 7, 2002, Berry pleaded guilty to one count of bank robbery (doc. 24). On May 23, 2002, Berry was sentenced to seventy months in prison and ordered to pay a special assessment in the amount of $100.00 and restitution in the amount of $80,740.00 (doc. 35). As of March 18, 2005, Berry has made payments totaling $1,686.84, of which $100.00 was applied to his special assessment and $1,586.84 toward his restitution obligation (doc. 41). The Federal Bureau of Investigation (hereinafter "FBI"), is currently in possession of $748.42 which belongs to Berry (Id.). The United States moves this Court to order the FBI to turnover this amount owned by Berry for the purpose of partially

satisfying Berry's restitution (Id.).

The United States notes that pursuant to 18 U.S.C. § 3613(a), it is permitted to enforce a criminal judgment using the practice and procedures for enforcement of civil judgments under federal or state law (Id.). Additionally, notes the United States, the United States Attorney's Office (hereinafter "USAO") is responsible for collecting criminal penalty assessments, restitution, and fines. (Id. citing 18 U.S.C. § 3612(c)(1)-(3)). Furthermore, the United States cites 18 U.S.C. § 3613(c) which places liens in favor of the United States against a defendant's real and personal property, once a court has entered a judgment against the defendant (Id.). As such, the United States asserts that a lien arose against Berry's property on May 23, 2002 in the amount of $80,840.00 (Id.).

The Sixth Circuit has noted that the government has an interest in insuring that monetary penalties levied against criminal defendants are indeed collected. United States v. Duncan, 918 F.2d 647, 654 (6th Cir. 1990). Additionally, when seizing a defendant's property (in this instance, cash), the Court must balance the defendant's interest in the property against the government's legitimate interest in the property. Sovereign News Co. v. United States, 690 F.2d 569, 577 (6th Cir. 1982). In Duncan, the Sixth Circuit found that the government's interest in collecting penalties assessed as part of the defendant's sentence

outweighed the defendant's interest.  <u>Duncan</u> at 648.

The Court determines that the United States has an interest in Berry's money and that its interest in collecting penalties assessed against Berry at sentencing outweigh any interest that Berry has in the money.  Accordingly, the Court hereby GRANTS the United States' Motion (doc. 41) and ORDERS the FBI to release to the United States Clerk of Courts the $748.42 in its possession belonging to Berry.  Said amount is to be APPLIED to Berry's remaining restitution balance.

SO ORDERED.


Dated: March 18, 2005                <u>s/S. Arthur Spiegel         </u>
                                     S. Arthur Spiegel
                                     United States Senior District Judge